UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

Michael J. Lewis,

        Plaintiff,

        v.

Michael Lyon,
Michaela Merrill, and
Chantel Wood,

        Defendants.

Civil Action No. 2:23–cv–138-wks-kjd

## REPORT AND RECOMMENDATION
(Doc. 32)

Plaintiff Michael Lewis, proceeding *pro se*, commenced this action under 42 U.S.C.

§ 1983 against Defendants Michael Lyon, Michaela Merrill, and Chantel Wood in their

individual capacities.[1]  (Doc. 8.)  Lewis requests compensatory damages and injunctive relief

based on Defendants' alleged violations of his First and Eighth Amendment rights.  (Doc. 24.)

In a January 4, 2024 Report and Recommendation (R&R), the undersigned recommended that

Defendants' Motion to Dismiss (Doc. 19) be granted with leave to amend the Complaint, and

that Lewis's "Motion for Temporary Restraining Order Issued Ex Parte" (Doc. 24) be denied.

(Doc. 33.)

After filing the Complaint and Motion for Temporary Restraining Order, and prior to the

issuance of the R&R on the Motion to Dismiss, Lewis filed a second Motion for Temporary

---

[1]  Defendants are either current or former Vermont Department of Corrections (Vermont DOC) officials at Southern State Correctional Facility (SSCF).  Defendant Lyon, now retired, is the former Superintendent of SSCF. *See Vermont DOC Announces New Superintendent at Southern State Correctional Facility*, VT. DEP'T OF CORR. (Dec. 14, 2023), https://doc.vermont.gov/press-release/vermont-doc-announces-new-superintendent-southern-state-correctional-facility.  Defendant Merrill is the current Superintendent at SSCF.  *See id.*  According to the Complaint, Defendant Wood is a correctional officer at SSCF.  (*See generally* Doc. 8.)

Restraining Order and Preliminary Injunction (Doc. 32).  This second request for injunctive

relief is directed at Vermont DOC officials at Northern State Correctional Facility (NSCF), who

Lewis alleges are unlawfully confiscating legal paperwork related to his efforts to obtain redress

in various legal forums.

For the reasons stated below, I recommend that Lewis's second Motion for Temporary

Restraining Order and Preliminary Injunction be DENIED.

### Background

On December 26, 2023, Lewis filed a "Motion for Temporary Restraining Order and

Preliminary Injunction Enjoining Confiscation of Legal Pleading[]s, Documentation Marked as

Evidence, and Affidavits of Witnesses."  (Doc. 32.)  It appears that Lewis seeks to enjoin

Vermont DOC officials at NSCF from conducting cell searches, confiscating legal papers,

destroying, losing, or misplacing any legal documentation belonging or reasonably appearing to

belong to Lewis, and retaliating against him for his "expression of the [r]ight to [a]ccess the

[c]ourt."  Lewis also appears to seek a mandatory injunction requiring the Vermont DOC to

adopt a policy giving him "pre-deprivation notice" regarding the confiscation of his property.

(*Id.* at 2–3.)

Lewis seeks to restrain "Defendant[]s, and it[]s officials, employees, agents, assigns, and

all those working in concert with the Vermont [DOC]."  (*Id.* at 1.)  His request for injunctive

relief appears to be based on alleged retaliatory conduct by two correctional officers at NSCF

that are not parties to the pending action.  Lewis alleges that, on December 11, 2023,

Correctional Officers Terry Provencher and Colin Houle "conducted a 'random' cell search (or

shakedown) of [Lewis's] cell," in which Correctional Officer Provencher allegedly confiscated

"a ream" of Lewis's legal paperwork "to be used as evidence" in [Lewis's] civil rights action

against Defendants Lyon, Merrill, and Wood. (Doc. 32-2 at 2–4.) Lewis alleges that

Correctional Officer Provencher "was sent into [his] cell to confiscate documentation or was sent

to gather intel on [p]apers or evidence [Lewis] intends to use against [D]efendant[]s or in support

of [Lewis's] allegations. (*Id.* at 5–6, ¶ 13.) While Lewis does not identify the individual

allegedly responsible for sending Correctional Officer Provencher to Lewis's cell, he appears to

assert more generally that Defendants and "other VTDOC employees working for or in concert

with [D]efendant[]s" are responsible for the above-described retaliatory conduct at NSCF. (Doc.

32-1 at 15.) Defendants have not responded to Lewis's Motion.[2]

**<u>Legal Standard</u>**

"A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on

the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the

balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v.

Nat. Res. Def Council, Inc.*, 555 U.S. 7, 20 (2008). "The factors considered in determining

whether to issue a TRO are similar to those used in considering a motion for a preliminary

injunction." *Oeschger v. GeneThera, Inc.*, 395 F. Supp. 3d 345, 355 (D. Vt. 2019) (quoting

*Tarlinsky v. Pompeo*, No. 3:19-CV-659 (VLB), 2019 WL 2231908, at *2 (D. Conn. May 23,

2019)).

However, when the moving party seeks a "mandatory preliminary injunction that alters

the status quo by commanding some positive act," the burden is even higher. *Cacchillo v.

Insmed, Inc.*, 638 F.3d 401, 406 (2d Cir. 2011) (quoting *Citigroup Global Mkts., Inc. v. VCG*

---

[2] It is not clear why the State did not file a response to Lewis's second Motion for Temporary Restraining Order and Preliminary Injunction. Given that the R&R recommending dismissal of the Complaint was issued approximately nine days after Lewis filed the second request for injunctive relief, the State may have elected not to file a response until receipt of a ruling on the R&R. Nevertheless, the Court expects a response to a filed Motion. If a party does not intend to file a response within the required deadline, it should either advise the Court that no response will be filed or file a Motion requesting an extended response deadline. Notwithstanding the lack of response from the State, the Court has elected to address the second Motion for injunctive relief.

3

*Special Opportunities Master Fund Ltd.*, 598 F.3d 30, 35 n.4 (2d Cir. 2010)).  A mandatory

preliminary injunction "should issue only upon a clear showing that the moving party is entitled

to the relief requested, or where extreme or very serious damage will result from a denial of

preliminary relief."  *Id.* (quoting *Citigroup Global Mkts.*, 598 F.3d at 35 n.4); *see also Tom*

*Doherty Assocs., Inc. v. Saban Entertainment, Inc.*, 60 F.3d 27, 33–34 (2d Cir. 1995) (a plaintiff

seeking a mandatory injunction must make a "clear" or "substantial" showing of a likelihood of

success on the merits of his claim).

    The district court has wide discretion in determining whether to grant preliminary

injunctive relief.  *Moore v. Consol. Edison Co. of New York, Inc.*, 409 F.3d 506, 511 (2d Cir.

2005).  "In the prison context, a request for injunctive relief must always be viewed with great

caution so as not to immerse the federal judiciary in the management of state prisons."  *Fisher v.*

*Goord*, 981 F. Supp. 140, 167 (W.D.N.Y. 1997) (citing *Farmer v. Brennan*, 511 U.S. 825, 846–

47 (1994)).

<u>**Analysis**</u>

    Lewis's Motion should be denied because: (1) Lewis's request for injunctive relief as to

the defendants named in the Complaint is moot based on his transfer from SSCF to NSCF;

(2) the NSCF entities and individuals Lewis seeks to restrain are not Defendants in this action;

and (3) the conduct he alleges justifies injunctive relief is not the conduct alleged in the

Complaint.

**I.    Lewis's Motion should be dismissed because any injunctive relief Lewis seeks**
     **against Defendants is moot based on his transfer from SSCF to NSCF.**

    Lewis asks the Court to enjoin "Defendant[]s, and it[]s officials, employees, agents,

assigns, and all those working in concert with the Vermont [DOC]."  (Doc. 32 at 1.)  To the

extent that Lewis seeks to enjoin Lyon, Merrill, and Wood, who either work or have worked at

SSCF, the request is moot because Lewis now resides at NSCF. S*ee Salahuddin v. Goord*, 467 F.3d 263, 272 (2d. Cir. 2006) (explaining that "an inmate's transfer from a prison facility generally moots claims for declaratory and injunctive relief against officials of that facility"); *see also Sossamon v. Texas*, 563 U.S. 277, 304 (2011) (noting that "[a] number of . . . suits seeking injunctive relief have been dismissed as moot because the plaintiff was transferred from the institution where the alleged violation took place prior to adjudication on the merits"). Therefore, Lewis's Motion should be denied to the extent it seeks injunctive relief against Defendants Lyon, Merrill, and Wood.

## II.     Lewis's Motion should be dismissed because the NSCF entities and individuals Lewis seeks to restrain are not Defendants in this action.

Lewis's requested relief would enjoin Vermont DOC officials at NSCF. Given that Vermont DOC officials at NCSF are not Defendants in this case, the Court lacks jurisdiction to enjoin their actions. *In re Rationis Enters., Inc. of Panama*, 261 F.3d 264, 270 (2d Cir. 2001) ("A court may not grant a final, or even an interlocutory, injunction over a party over whom it does not have personal jurisdiction."); *Lapierre v. Lavalley*, 9:15-CV-1499(MAD/DJS), 2016 WL 4442799, at *3 (N.D.N.Y. Aug. 23, 2016) (quoting *In re Rationis Enters., Inc. of Panama*, 261 F.3d at 270) (finding that a plaintiff could not seek injunctive relief over correctional staff at prison to which he had been transferred, as they were not defendants in the case, nor over staff at his former facility, because transfer mooted request for injunctive relief); *Oliphant v. Villano*, Civil No. 3:09cv862 (JBA), 2010 WL 5069879, at *2 (D. Conn. Dec. 3, 2010) ("[T]he Court lacks jurisdiction to enjoin the conduct of prison . . . correctional staff who are not defendants in this action."). The Court lacks jurisdiction over non-party prison officials at NSCF. Although Plaintiff asserts that his request for a temporary restraining order would "enjoin Defendant[]s,

5

and it[]s officials, employees, agents, assigns, and all those working in concert with the Vermont [DOC]" (Doc. 32 at 1), the Court has no jurisdiction over non-party officials at NSCF.

Further, injunctive relief is available against non-parties only under very limited circumstances, none of which are present here. *See* Fed. R. Civ. P. 65(d)(2) (providing that an order granting an injunction or restraining order binds only a nonparty who receives actual notice of the order and who is an "officer[], agent[], servant[], employee[], [or] attorney[]" of a party or "who [is] in active concert or participation with" a party or the officer, agent, servant, employee, or attorney of a party, to whom the injunction or restraining order applies); *Sumpter v. Skiff*, 260 F. App'x 350, 351 (2d Cir. 2008) ("The district court did not exceed its allowable discretion in denying Sumpter's application for injunctive relief . . . [because] [t]he New York State Division of Parole . . . , to which Sumpter's motion was directed, was not named as a defendant in the underlying action and does not fall within any of the exceptions listed in Rule 65(d)."); *Abrams v. Waters*, Civil Action No. 3:17-CV-1659 (CSH), 2018 WL 1469057, at *6–7 (D. Conn. Mar. 26, 2018) (court lacked personal jurisdiction to enter permanent injunction against warden of correctional facility who was not defendant, had no involvement in underlying claims, and did not fit within limited group of individuals described in Fed. R. Civ. P. 65(d)(2) against whom injunctive relief may be ordered). A court generally cannot order relief as to non-parties other than in exceptional situations where non-parties are in active concert or participation with parties. *See, e.g.*, *Mitchell v. Cuomo*, Civ. No. 9:17-CV-0892 (TJM/DJS), 2019 WL 2479611, at *10 (N.D.N.Y. Jan. 3, 2019) ("[C]ourts generally cannot order injunctive relief as to non-parties . . . .").

Lewis's unsupported allegation that correctional officers at NSCF are "working for or in concert with [D]efendant[]s" is an insufficient basis for the Court to order injunctive relief as to

the non-party correctional officers at NSCF.  (Doc. 32-1 at 15.)  There is no basis for the Court to

find that Correctional Officers Provencher and Houle are in active concert with Defendants

Lyon, Merrill, or Wood—all of whom are either currently or previously employed at SSCF.

Lewis also does not allege that Correctional Officers Provencher and Houle were involved in any

of the alleged Eighth Amendment violations at SSCF.  Accordingly, I recommend that Lewis's

Motion be denied on the grounds that the Court cannot order injunctive relief against non-party

correctional officers at NSCF.

III.    **Lewis's Motion should be dismissed because he does not adequately allege a
        relationship between the conduct giving rise to the Complaint and the injunctive
        relief he seeks.**

A court generally cannot order relief as to issues that do not give rise to the complaint.

*See Palmer v. Seidman*, No. 9:16-CV-0027 (GLS/TWD), 2016 WL 270864, at *2 (N.D.N.Y. Jan

22, 2016).  "To prevail on a motion for preliminary injunctive relief, the moving party must

establish a relationship between the injury claimed in the motion and the conduct giving rise to

the complaint."  *Vega v. Lantz*, No. 3:04CV1215(DFM), 2006 WL 2642416, at *2 (D. Conn.

Sept. 14, 2006); *see also Taylor v. Rowland*, No. 3:02CV229(DJS)(TPS), 2004 WL 231453, at

*3 (D. Conn. Feb. 2, 2004) (concluding that a motion for preliminary injunctive relief was not

proper because it was "unrelated to the issues in the amended complaint"); *Lewis v. Johnston*,

No. 9:08-CV-482 (TJM)(ATB), 2010 WL 1268024, at *3 (N.D.N.Y. Apr. 1, 2010) (denying

motion for injunctive relief based upon actions taken by staff at Great Meadow Correctional

Facility in 2010, where the complaint alleged wrongdoing that occurred at Franklin and Upstate

Correctional Facilities in 2006 and 2007).

Lewis's Complaint alleges deliberate indifference and retaliation by prison officials at

SSCF.  (*See generally* Doc. 19.)  Lewis's request for injunctive relief, however, alleges

retaliation through unlawful cell searches and property confiscation by prison officials at NSCF.

(*See* Doc. 32 at 1; Doc. 32-2 at 3–5.)  The only apparent connection between Lewis's Complaint and his request for injunctive relief is his allegation that NSCF corrections officers retaliated against him because they are acting as coconspirators with Defendants against him.  However, Lewis does not provide any factual basis to support his allegation that SSCF officials are conspiring with NSCF officials to retaliate against him.  It appears that Lewis's request for injunctive relief concerns his confinement at NSCF and therefore "deals with a matter lying wholly outside the issues in the suit."  *De Beers Consol. Mines, Ltd. v. United States*, 325 U.S. 212, 220 (1945); *see also Lebron v. Armstrong*, 289 F. Supp. 2d 56, 61 (D. Conn. 2003) (denying inmate's request for injunctive relief because, inter alia, it was based on allegations that were different and unrelated to the facts pled in the underlying complaint).  Accordingly, I recommend that Lewis's Motion be denied.

## Conclusion

For the foregoing reasons, I recommend that Lewis's "Motion for Temporary Restraining Order and Preliminary Injunction Enjoining Confiscation of Legal Pleadings, Documentation Marked as Evidence, and Affidavits of Witnesses" (Doc. 32) be DENIED.

Dated at Burlington, in the District of Vermont, this 28th day of February 2024.

/s/ Kevin J. Doyle
Kevin J. Doyle
United States Magistrate Judge

Any party may object to this Report and Recommendation within fourteen days after service thereof, by filing with the Clerk of the Court and serving on the Magistrate Judge and all parties, written objections that shall specifically identify those portions of the Report and Recommendation to which objection is made and the basis for such objections.  *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2); L.R. 72(c).  Failure to timely file such objections "operates as a waiver of any further judicial review of the magistrate's decision."  *Caidor v. Onondaga Cnty.*, 517 F.3d 601, 604 (2d Cir. 2008) (quoting *Small v. Sec'y of Health & Hum. Servs.*, 892 F.2d 15, 16 (2d Cir. 1989)).